Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LIAN QING YU,                                             Docket No: 16-cv-7590

                                    Plaintiff,

                    -against-


58 ASIAN CORP dba AMAZE FUSION &
LOUNGE and LI SHUN LIN,
                                    Defendant.
-------------------------------------------------------------------x


**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S REQUEST FOR DEFAULT AND
IN SUPPORT OF DEFENDANTS
MOTION TO VACATE DEFAULT**


Dated: New York, NY
        July 13, 2017

                                    */s/ Vincent S Wong*
                                    Vincent S. Wong, Esq. (VW9016)
                                    Law Offices of Vincent S. Wong
                                    39 East Broadway, Suite 306
                                    New York, NY 10002
                                    P: (212) 349-6099
                                    F: (212) 349-6599

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES                                                    4-6

PRELIMINARY STATEMENT                                                   7

STATEMENT OF FACTS                                                      7

RELIEF FROM A DEFAULT JUDGMENT                                          8

   I.   PLAINTIFF FAILED TO PROPERLY SERVE DEFENDANTS      9

       Plaintiff Served A Summons Before It Was Issued By The Court
And As Such Service Was Defective                                      10

       Defendant LI SHUN LIN Was Not Served  Properly Under
New York or Federal Statute                                            11

       Plaintiff's Declaration Of Service Is Insufficient To Award Default   13

       Defendant Disputes Service                                     13

       Notice Is Insufficient To Cure Defects In Service              14

  II.   DEFENDANTS ARE ENTITLED TO RELIEF UNDER FED.R.CIV.P. 55(C)   15

       Defendants Not Willful                                         15

       Plaintiff will not be Prejudiced by Vacating Default           16

       Defendants Have Numerous Meritorious Defenses                  16

III. DEFENDANTS ARE ENTITLED TO RELIEF UNDER FED.R.CIV.P. 60(B)(4)
    BECAUSE ANY JUDGMENT AWARDED WOULD BE VOID                   18

IV. DEFENDANTS ARE ENTITLED TO RELIEF UNDER
    FED.R.CIV.P. 60(B)(1) BECAUSE THE DEFAULT WAS NOT
    WILLFUL AND DEFENDANTS HAVE MERITORIOUS DEFENSE
    TO THIS ACTION                                               19

       Defendants Have Meritorious Defenses                           20

       Defendants Conduct Was Not Willful                             20

Plaintiff Will Not Be Prejudiced By Vacating The Default Judgment
Against Defendants                                                                                21

V.  DEFENDANTS SHOULD BE GRANTED TO RELIEF UNDER
FED.R.CIV.P. 60(B)(6)                                                                             22

CONCLUSION                                                                                       23

# TABLE OF AUTHORITIES

## **Statutes**

CPLR § 308(2) .......................................... 11, 12

Fed.R.Civ.P. 4(e)(2) .................................... 9, 11, 12

Fed.R.Civ.P. 4(h)(1) .................................... 9

Fed.R.Civ.P. 55(c) ...................................... 8, 9, 15

Fed.R.Civ.P.  60(b) ..................................... 8, 9, 15, 22, 23

Fed.R.Civ.P. 60(b)(1) ................................... 8, 20, 22

Fed.R.Civ.P. 60(b)(4) ................................... 8, 18, 19, 20, 22

Fed.R.Civ.P. 60(b)(6) ................................... 9

## Cases

*American Alliance Insurance Co. v. Eagle Insurance Co.*,
 92 F.3d 57, 59 (2d Cir.1996)                                                   15, 20, 21

*Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*,
8 F.Supp.2d 372, 376 (S.D.N.Y.1998)                                            9, 19

*Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286 (E.D.N.Y. 2000)                  12

*Asbestos, Lead & Hazardous Waste Laborers v. Termon Constr., Inc .*,
No. 01 Civ. 5589, 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003)            18

*China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash*,
No. 96 Civ. 9533(PKL), 1999 WL 126921, at *3 (S.D.N.Y. Mar.9, 1999)           19

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir.2011)     8, 18

*Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983)                            16, 20, 21

*Dorrough v. Harbor Securities, LLC*,
2002 U.S. Dist. LEXIS 13546,2002 WL 1467745 (E.D.N.Y.2002)                    19

*Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir.1993)*                  15, 17, 20

*Gore v. The RBA Group, Inc.*,
2009 U.S. Dist. LEXIS 130673,2009 WL 884565 (SDNY 2009)                       14

*Markoff v. South Nassau Community Hosp.*,
61 N.Y.2d 283, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984)                       14

*Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990)   22

*Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981).                            15

*Murray Eng'g, P.C. v. Windermere Properties LLC*,
No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013)         15, 16, 17

*National Development Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir.1991)  14

*New York v. Green*, 420 F.3d 99, 108 (2d Cir.2005)                           20, 21

*Omni Capital Int'l v. Rudolph Wolf & Co., Ltd.*,
484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)                            19

*Ovadiah v. New York Ass'n for New Americans*, No. 95 Civ. 10523(SS),
1997 WL 342411, at *5 (S.D.N.Y. June 23, 1997)                                    22

*Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 60–61 (S.D.N.Y. 2005)    10

*Peterson v. Syracuse Police Dep't.,* 467 Fed. Appx. 31, 33 (2d Cir.2012)          15

*Phillip v. City of New York*, 2012 U.S. Dist. LEXIS 63966 (E.D.N.Y.2012)          14

*Polygram Merchandising, Inc. v. New York Wholesale Co* .,
2000 U.S. Dist. LEXIS 166,2000 WL 23287 (SDNY 2000)                               14

*Prescription Containers,* 2014 WL 1236919                                        13

*Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir.2002)                           18

*S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998)                          15, 20, 21

*SEC v. Softpoint, Inc.*,
No. 95 Civ. 2951(GEL), 2001 WL 43611, at *2 (S.D.N.Y. Jan.18, 2001)               19

*Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y.1986)                18

*Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt.
Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs.,
Inc.*, No. CV 13-04590 JS GRB, 2014 WL 6606402, at *4
(E.D.N.Y. Aug. 4, 2014)                                                           13

*United Overseas Bank v. Marchand*, 87 Civ. 8572(RJW), 1996 WL 695902,
 *9, 1996 U.S. Dist. LEXIS 17809, at *25 (S.D.N.Y. Dec. 4, 1996)                  22

*U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977)                                    8

*US Flour Corp. v. Certified Bakery, Inc.*, 10–CV–2522,
2012 WL 728227, at *4 (E.D.N.Y. Mar.06, 2012)                                      9

*Wrestling Entm't, Inc. v. De Arce*, No. 3:03cv1568(DJS), 2007 WL 963177,
**1–2, 2007 U.S. Dist. LEXIS 26985, at *5 (D.Conn. Mar. 30, 2007)                 21

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in opposition to Plaintiff's request for default and in support of Defendants 58 ASIAN CORP dba AMAZE FUSION & LOUNGE and LI SHUN LIN, (collectively, "Defendants") motion to vacate the default judgment entered against them in this case and to dismiss the complaint in its entirety or in the alternative to allow Defendants to interpose an answer.

## STATEMENT OF FACTS

Plaintiff filed this action on September 28, 2016. Due to multiple filing errors by Plaintiff[1], the Summons for this action were not issued until October 12, 2016[2]. Somehow, without a properly issued Summons for this case, Plaintiff alleged it served the Defendants with the Summons on September 29, 2016[3]. The Proof of service was filed by Plaintiff on October 17, 2016. Said document alleges service at 1066 First Avenue, New York, NY 10022 upon a Jane Doe on September 29, 2016 at 5:57pm. No description of this Jane Doe is provided. No affidavit of service of the Complaint is or was ever filed by Plaintiff in this case.  No documents were ever alleged mailed to any of the parties in this action.

Defendants were not served with the Summons or Complaint in this action or with ANY documents related to this action on September 29, 2016. Defendants first learned of this action in late June 2017, when an Order to Show Cause for Default was given to Defendant 58 ASIAN CORP.

On November 17, 2016 Plaintiff requested an entry for Default. A copy of this request was not served or even mailed to Defendant. At the end of May 2017 and throughout June 2016,

---

[1] See ECF Docket entry 1,3,4,5 and multiple unnumbered entries between 9/28/2016 and 10/5/2016
[2] See ECF Docket entry 8 and 9
[3] See ECF Docket entry 10

the court issued several orders and Plaintiff wrote various letters to the court, none of these letters or Orders were served or mailed to Defendants.

On June 14, 2017, Plaintiff moved for a Default Judgment by Order to Show Cause[4], which was signed on June 14, 2017 and directing service of the Order to Show Cause on Defendants[5].

Upon receiving this OSC, Defendants now appear and move to vacate their default. It should also be noted that Plaintiff's Complaint is not well plead, being completely silent of what Plaintiff was allegedly paid or even what job Plaintiff alleges he had at the restaurant, amongst other crucial details. Plaintiff's complaint is almost entirely devoid of any actual details of Plaintiff's alleged employment, but instead is a mere recitation conclusive statements and elements of a claim. The defects preclude default judgments on the pleadings, as they are not well plead.

## RELIEF FROM A DEFAULT AND A DEFAULT JUDGMENT

Default judgments are generally disfavored due to the principle that cases should be decided on their merits. See *U.S. v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977). Default judgments are generally disfavored and reserved for rare occasions. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir.2011)

Rule 55(c) states that "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Rule 60(b) provides, in pertinent part, that the district court may grant a motion for relief from a judgment on the ground of "excusable neglect," Fed.R.Civ.P. 60(b)(1), "the judgment is void," Fed.R.Civ.P. 60(b)(4), or for "any other reason justifying relief from the operation of the

---

[4] See ECF Docket entry 20 and 21
[5] See ECF Docket entry 24

judgment," Fed.R.Civ.P. 60(b)(6); see also Fed.R.Civ.P. 55(c) (providing that default judgments may be set aside in accordance with Rule 60(b)).

A court may not enter default judgment "unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process*." US Flour Corp. v. Certified Bakery, Inc*., 10–CV–2522, 2012 WL 728227, at *4 (E.D.N.Y. Mar.06, 2012) (internal quotation marks omitted).

## I. PLAINTIFF FAILED TO PROPERLY SERVE DEFENDANTS

Federal Rule of Civil Procedure 4(h)(1) requires service on a partnership, association or corporation, such as Defendant 56 Asian Corp., by delivery to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." With respect to individual Defendants, the Federal Rules require service at an "individual's dwelling or usual place of abode" or "delivery to an agent authorized to receive process." See Fed.R.Civ.P. 4(e)(2).

"Although there is no judicial discretion when considering a jurisdictional question such as the sufficiency of process, when confronted with equally reliable but conflicting accounts, courts should resolve any doubts in favor of the party seeking relief." *Am. Inst. of Certified Pub. Accountants v. Affinity Card*, 8 F.Supp.2d 372, 375 (S.D.N.Y.1998).

In this case, there are numerous defects in service, such that the court lacked jurisdiction when a default was entered against Defendants, and Plaintiff is not entitled to a default judgment.

## **Plaintiff Served A Summons Before It Was Issued By The Court And As Such**
## **Service Was Defective**

As mentioned above briefly, the Summons in this case was issued on October 12, 2016[6].
Somehow, without a properly issued Summons for this case, Plaintiff alleged it served the
Defendants with the Summons on September 29, 2016[7]. Plaintiff did not file an affidavit of
service for the complaint at all, nor did it mention service of the complaint in its declaration of
service.

"Service of process in the federal system requires service of a summons, in the manner
prescribed in Rule 4, together with a copy of the complaint. "[S]ervice of summons is the
procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts
jurisdiction over the person of the party served. The rule sets forth in detail the form a summons
must take and the process by which a summons must be served. Although minor or technical
defects in a summons in certain circumstances do not render service invalid, defects that are
prejudicial to the defendant or show a flagrant disregard for the rule do. Moreover, *61 actual
notice alone will not sustain personal jurisdiction over a defendant." *Osrecovery, Inc. v. One Grp.
Int'l, Inc.*, 234 F.R.D. 59, 60–61 (S.D.N.Y. 2005)

Further, the court has found in *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 61
(S.D.N.Y. 2005) that service of other documents which are not the summons are insufficient to
grant jurisdiction as they are  "not signed or sealed by the clerk and failed to notify the parties
that a failure to appear would result in a default judgment."

In this case, it is undisputable that whatever summons Plaintiff alleges it served, it was
not  the official Summons in this case, which was issued almost 2 weeks later, and it was not

---

[6] See ECF Docket entry 8 and 9
[7] See ECF Docket entry 10

signed or sealed by the clerk. Whether said Summons notified the parties of the results of a failure to appear, Defendants do not know, because Defendants did not receive any documents regarding this case until Plaintiff's Order to Show Cause in June 2017, but whether it did or not, it is clear that whatever document was allegedly served it was clearly defective to give the court jurisdiction over Defendant.  It should also be noted that Plaintiff's time effectuate service has long since passed.

As such, the Court lacked jurisdiction when it entered its default, said default should be vacated and Defendants should be dismissed from this case.

## Defendant LI SHUN LIN Was Not Served  Properly Under New York or Federal Statute

Additionally, Plaintiff's allegations of service do not comply with proper service under either New York or Federal Statute for Defendant LI SHUN LIN.

Even taking Plaintiff's declarations of service as true, which Defendants deny, Plaintiff did not comply with the requirements of any statute to serve Defendant LI SHUN LIN.

"Fed.R.Civ.P. 4(e) allows an individual to be served: (1) pursuant to the law of the state in which the district court is located or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e).

Under New York Civil Practice Law and Rules ("CPLR") § 308(2), service upon an individual may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... ***and* by either mailing the summons to the**

11

**person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business ... such delivery and mailing to be effected within twenty days of each other**. CPLR. § 308(2) (McKinney 1990)" (emphasis added) *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286 (E.D.N.Y. 2000)

In this case Plaintiff alleges that it served Defendant LI SHUN LIN at "place of business" by giving it to a "co-worker". Defendant LI SHUN LIN does not in fact work at the restaurant and it is not Defendant LI SHUN LIN place of business. However, even assuming it was Defendant LI SHUN LIN's place of business, Fed.R.Civ.P. 4(e) does not authorize service at a place of business.

Service at a place of business is only available under New York State's CPLR, however service at such a business place on a person of suitable age and discretion, which is what Plaintiff alleges, requires that Plaintiff also do mailing within 20 days. Plaintiff did not do this mailing. Plaintiff does not allege that a subsequent mailing was made, nor did Defendants ever receive one. Failure to make such a mailing makes service incomplete and does not grant the court jurisdiction over the Defendant.

As such, even taking all of Plaintiff's allegations of service as true, Plaintiff failed to serve Defendant LI SHUN LIN properly under both Federal and New York Statute and the court lacks jurisdiction over Defendant LI SHUN LIN. It should also be noted that Plaintiff's time effectuate service has long since passed.

As such the default against Defendant LI SHUN LIN must be vacated and Defendant LI SHUN LIN should be dismissed from this case.

## Plaintiff's Declaration Of Service Is Insufficient To Award Default

The next problem with service of the summons is that Plaintiff's declaration of service is wholly insufficient, being almost entirely devoid of any details whatsoever. Plaintiff's declaration of service does not even include a description of the person allegedly served.

The court has held that when "this proof of service contained only a "bare description" of how service was effected. *Prescription Containers,* 2014 WL 1236919, at *8. The "ambiguous circumstances" that are conclusorily described in the affidavit are insufficient to show proper service. *See DeMott,* 2012 WL 601074, at *6–7; *see also Avanti,* 2010 WL 3924771, at *2–3." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc*., No. CV 13-04590 JS GRB, 2014 WL 6606402, at *4 (E.D.N.Y. Aug. 4, 2014), report and recommendation adopted sub nom. *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus*., No. 13-CV-4590 JS GRB, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014).

In this case, the declaration of service does not include sufficient details to even identify the person who was allegedly served, nor any details whatsoever other than a bare description of service.  As such, the court should find service insufficient and vacate the default against Defendants.

## Defendant Disputes Service

In addition to defects in service detailed above, Defendants also dispute service. While Plaintiff provided no description of the person service was allegedly made, as detailed more fully in the Declaration of Min Lin, no employee of the restaurant received any documents related to

this law suit on September 29, 2016. Additionally, Min Lin works as cashier and also affirms that she was not served with any documents on September 29, 2016.

Once plaintiff's evidence of service has been contested, it is ultimately plaintiff's burden to demonstrate that service was proper. *Polygram Merchandising, Inc. v. New York Wholesale Co* ., 2000 U.S. Dist. LEXIS 166,2000 WL 23287 (SDNY 2000); *Gore v. The RBA Group, Inc*., 2009 U.S. Dist. LEXIS 130673,2009 WL 884565 (SDNY 2009)

As such, at a minimum Plaintiff now has the burden of proving proper service, before a default judgment can be entered.

Defendants also note that no mailing was alleged to have been made as part of the service on the corporate defendant.

### Notice Is Insufficient To Cure Defects In Service

To the extent that Plaintiff may argue that Defendants were on notices about this lawsuit and that should be sufficient to establish jurisdiction, even if such notice was true, which Defendants deny, where a Defendant has been provided notice of the lawsuit, the weight of authority in this Circuit, as well as in New York state, indicates that actual or constructive notice is not a substitute for proper service. See *National Development Co. v. Triad Holding Corp*., 930 F.2d 253 (2d Cir.1991) ("We reject the notion that 'actual notice' suffices to cure a void service."); *Phillip v. City of New York*, 2012 U.S. Dist. LEXIS 63966 (E.D.N.Y.2012) (actual notice does not cure deficient service); *Markoff v. South Nassau Community Hosp*., 61 N.Y.2d 283, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984) ("Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service.").

As such Defendants' motion to vacate the default should be granted.

## II. DEFENDANTS ARE ENTITLED TO RELIEF UNDER FED.R.CIV.P. 55(C)

"A motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment. See *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981)." *Am. All. Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 59 (2d Cir. 1996)

"[I]t is the 'good cause' standard of Rule 55(c), as opposed to the more rigorous standards of Rule 60(b), that applies" to a case such of this, where an inquest on damages has been ordered but has not yet taken place. *Id*.; accord *Roberts v. Keith*, No. 04 Civ. 10079(CSH), 2007 WL 2712853, at \*2 (S.D.N.Y. Sept. 18, 2007)" *Murray Eng'g, P.C. v. Windermere Properties LLC, No*. 12 CIV. 0052 JPO, 2013 WL 1809637, at \*3 (S.D.N.Y. Apr. 30, 2013)

"[T]he Second Circuit has instructed district courts "to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't.,* 467 Fed. Appx. 31, 33 (2d Cir.2012) (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993)). These same three criteria are applied to motions brought pursuant to Rule 60, although they are applied more rigorously in the context of a Rule 60 motion. *Id." Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at \*3 (S.D.N.Y. Apr. 30, 2013)

### <u>Defendants Not Willful</u>

"The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998) (citations omitted)." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at \*4 (S.D.N.Y. Apr. 30, 2013)

In this case, there has been no willfulness by Defendant in defaulting. Defendants received no notice of this action prior to receiving Plaintiff's Order to Show Cause for a Default Judgment.

Prior to Plaintiff's Order to Show Cause, the only notice Defendant could have is Plaintiff's alleged service of the defective summons, which Defendants contests. No mailings were ever alleged to have been made, nor any other action which could have put Defendants on notice. As such, Defendants were not willful in defaulting in this action, and the default should be vacated.

## Plaintiff will not be Prejudiced by Vacating Default

Plaintiff will not be prejudiced by vacating the default in this action.

"In order to show the requisite level prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated. *See id.* ("Indeed, in most instances, the finding of no substantial prejudice reflects the ability of the court to impose terms and conditions on the granting of relief in order to compensate or otherwise protect the party not in default.") Moreover, it is well established that "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (internal citations and quotation marks omitted)." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

In this case there is no prejudice to Plaintiff as the only delays in this case have been of Plaintiff own making. As such  the default should be vacated.

## Defendants Have Numerous Meritorious Defenses

Defendants have numerous meritorious defenses to this action.

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *6 (S.D.N.Y. Apr. 30, 2013) (citing to *Enron Oil Corp.*, 10 F.3d at 98).

In this case, Defendants have multiple meritorious defenses, of which Defendants will discuss some of the mort relevant below.

First, as demonstrated by the record and declaration of Min Lin included with Defendant's Motion, Plaintiff did not work the hours alleged. The records kept by Defendant 58 Asian Corp. show that Plaintiff worked less than 40 hours per week, usually less than 36 hours per week. This is a complete defense to Plaintiff's overtime claims. Also when these lesser hours are used, Plaintiff's minimum wage claims should also be reduce to no damages[8], also a complete defense.

Additionally, Defendant LI SHUN LIN has the meritorious defense that Defendant LI SHUN LIN does not work at the restaurant and could not have been Plaintiff's employer or manager in any capacity. This is also a complete defense to all of Plaintiff's claims as if Defendant is not an employer then there can be no liability against the Defendant.

---

[8] Plaintiff does not allege what he was supposedly paid in the complaint, and the calculation of damages Plaintiff included in its OSC was difficult to read.

Additionally, Plaintiff's assert that Plaintiff was properly and timely paid for all hours Plaintiff work. This is also a complete defense to all of Plaintiff's claims, including the wage statements claims[9].

As such Plaintiff's motion to vacate the default should be granted.

### III. DEFENDANTS ARE ENTITLED TO RELIEF UNDER FED.R.CIV.P. 60(B)(4) BECAUSE ANY JUDGMENT AWARDED WOULD BE VOID

If the court however finds that the Fed.R.Civ.P 60 standard should be used instead of Fed.R.Civ.P 55, Defendants are still entitled to relief under Fed.R.Civ.P 60(b)(4) because a judgment entered against them would be void for lack of jurisdiction.

A judgment is void if entered by a court against a party over whom it lacks personal jurisdiction, or on claims over which it lacks subject matter jurisdiction. See *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y.1986).

A default judgment is void and cannot be enforced if the rendering court did not have personal jurisdiction over the defendant. See *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138–39 (2d Cir.2011); *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir.2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected.") (citations omitted); *Asbestos, Lead & Hazardous Waste Laborers v. Termon Constr., Inc* ., No. 01 Civ. 5589, 2003 WL 22052872, at *3 (S.D.N.Y.

---

[9] In order to establish the defendants' liability, the plaintiffs must (1) establish that the wage statements the defendants provided did not satisfy the requirements under NYLL § 195(3), and (2) overcome the defendants' affirmative defense that they made "complete and timely payment of all wages due." *Guan Ming Lin v. Benihana New York Corp*., No. 10 CIV. 1335 RA JCF, 2012 WL 7620734, at *10 (S.D.N.Y. Oct. 23, 2012) report and recommendation adopted, No. 10 CIV. 1335 RA JCF, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)
Both N.Y. Lab. Law § 198 (1-b) and N.Y. Lab. Law § 198  (1-d) have provisions that state that "it shall be an affirmative defense that (i) the employer made complete and   timely payment of all wages due" to the claims for damages for under these statutes.

Sept. 2, 2003) ("[A] default judgment entered against the defendant by means of improper service is void under Rule 60(b)(4).")

The procedural requirements of effective service of process must be satisfied before a Court can assert personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolph Wolf & Co., Ltd.*, 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Thus, a default judgment entered against a defendant by means of improper service is void under Federal Rule of Civil Procedure 60(b)(4). *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F.Supp.2d 372, 376 (S.D.N.Y.1998). See also *Dorrough v. Harbor Securities, LLC*, 2002 U.S. Dist. LEXIS 13546,2002 WL 1467745 (E.D.N.Y.2002) (default judgment vacated where service was never properly effectuated and "the mere fact that [defendant] had knowledge of the lawsuit [was] insufficient to cure plaintiff's failure to properly effectuate service").

A motion under Rule 60(b)(4) must be granted if the court initially lacked jurisdiction. See *SEC v. Softpoint, Inc.*, No. 95 Civ. 2951(GEL), 2001 WL 43611, at *2 (S.D.N.Y. Jan.18, 2001); *China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash*, No. 96 Civ. 9533(PKL), 1999 WL 126921, at *3 (S.D.N.Y. Mar.9, 1999).

In this case, as discussed in more previously, Defendants were not properly served with the Summons and Complaint, and as such the court lacks personal jurisdiction over the Defendants when the default was issued, and any default judgment would be void and should be vacated.

## IV. DEFENDANTS ARE ENTITLED TO RELIEF UNDER FED.R.CIV.P. 60(B)(1) BECAUSE THE DEFAULT WAS NOT WILLFUL AND DEFENDANTS HAVE MERITORIOUS DEFENSE TO THIS ACTION

In the event that it found that relief under Fed.R.Civ.P. 60(b)(4) is not appropriate and the judgment is not vacated as void, Defendants request relief under Fed.R.Civ.P. 60(b)(1), that the default judgment against Defendants be vacated and Defendants be permitted to interpose an answer.

Fed.R.Civ.P. 60(b)(1) provides that a court may relieve a party from a final judgment on account of "mistake, inadvertence, surprise, or excusable neglect." In the default judgment context, courts consider "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *New York v. Green*, 420 F.3d 99, 108 (2d Cir.2005) (quoting *State Street Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir.2004)). See, e.g., *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998); ); *American Alliance Insurance Co. v. Eagle Insurance Co*., 92 F.3d 57, 59 (2d Cir.1996); *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983).

### Defendants Have Meritorious Defenses

In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, see, e.g., *Davis v. Musler*, 713 F.2d at 916, but he must present evidence of facts that, "if proven at trial, would constitute a complete defense*," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir.1993).*

In this case, as detailed more fully in the Declaration of Min Lin, Defendants have multiple complete defense to this action, as detailed previously.

## Defendants Conduct Was Not Willful

Defendants conduct in failing to appear was not willful. The willfulness standard encompasses conduct that is deliberate or egregious or is carried out in bad faith. *World Wrestling Entm't, Inc. v. De Arce*, No. 3:03cv1568(DJS), 2007 WL 963177, **1–2, 2007 U.S. Dist. LEXIS 26985, at *5 (D.Conn. Mar. 30, 2007) (citing *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 60–61 (2d Cir.1996)).

Willfulness, in the context of a default, "refer[s] to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.1998; See also., *American Alliance*, 92 F.3d at 61.

In this case, the Defendants did not act willfully in failing to answer. As detailed above, Defendants were not served with the Summons and Complaint in this action and as such, received no notice of any kind about this lawsuit until after a request for default had already been made, and OSC for a Default judgment had been made.

As such, Defendants conduct should not be deemed willful, and the default judgment against Defendants should be vacated.

## Plaintiff Will Not Be Prejudiced By Vacating The Default Judgment Against Defendants

The final issue to be considered is "whether and to what extent, vacating the default judgment will prejudice the non-defaulting party." *New York v. Green, 420 F.3d 99, 110 (2d Cir.2005)*. Because granting a motion to vacate default necessarily results in some delay, "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler, 713 F.2d 907, 916 (2d Cir.1983)*. "Rather, it must be shown that delay will 'result in the loss of evidence, create

increased difficulties of discovery, or provide greater opportunity for fraud and collusion.' " Id. (quoting C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure*: Civil, § 2699 at 536–37 (1983)).

The incurrence of cost does not establish prejudice. Nor does mere delay, without more, constitute prejudice. *United Overseas Bank v. Marchand*, 87 Civ. 8572(RJW), 1996 WL 695902, *9, 1996 U.S. Dist. LEXIS 17809, at *25 (S.D.N.Y. Dec. 4, 1996).

In this case, there will be no prejudice to Plaintiff if the default is vacated. At worst case Plaintiff would suffer mere delay.  This delay will not result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion, but instead allow the case to be heard on its merits.

As such any default judgments should be vacated against Defendants.

## IV.  DEFENDANTS SHOULD BE GRANTED TO RELIEF UNDER FED.R.CIV.P. 60(B)(6)

In the event that the court finds that relief under Fed.R.Civ.P. 60(b)(4) is not appropriate and the judgment is not vacated as void, and the court also finds that Defendants do not meet the requirements for relief under Fed.R.Civ.P. 60(b)(1), Defendants ask that the court vacate the default judgment and permit Defendants to answer pursuant to  Fed.R.Civ.P. 60(b)(6), using the court's equitable powers.

A motion under Rule 60(b) is addressed to the sound discretion of the trial court. See *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986)); *Ovadiah v. New York Ass'n for New Americans*, No. 95 Civ. 10523(SS), 1997 WL 342411, at *5 (S.D.N.Y. June 23, 1997)

Relief provided under Rule 60(b) in general is equitable in nature and is to be guided by equitable principles. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* ("Wright, Miller & Kane") § 2857, at 255 (2d ed.1995).

In this case, equity favors the vacating of the default judgment against Defendants. Plaintiff is suing the Defendants based upon the mere allegation that Plaintiff was employed by Defendants for over 40 hours per week and not paid properly, with no detail on Plaintiff's actual alleged pay in the pleadings. These allegations are not supported by even a single sworn statement from Plaintiff filed on ECF in support of this alleged claim, or any documentary evidence whatsoever, unlike the sworn statements and documentary evidence in support of this motion.

Additionally, Defendants were not properly served with this action and Plaintiff' took great pains to avoid serving any other documents on Defendants until after an entry of default was entered against Plaintiffs.  These are not equitable actions.

As such, Defendants respectful request an chance for this case adjudicated on its merits, and for the default judgment against Defendants to be vacated under the courts equitable powers.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to vacate the Default should be granted in all respects and the case dismissed, or in the alternative the default vacated and Defendants be permitted to answer.


Dated: New York, NY
      July 13, 2017

                                  */s/ Vincent S Wong*
                                  Vincent S. Wong, Esq. (VW9016)
                                  Law Offices of Vincent S. Wong
                                  39 East Broadway, Suite 306
                                  New York, NY 10002