UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Lian Qing Yu,

    Plaintiff,

–v–

58 Asian Corp. et al.,

    Defendants.

---

16-cv-7590 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

The Defendants in this case arising under the Fair Labor Standards Act have moved to vacate the entry of default against them. For the reasons stated below, the motion is granted.

I. **Background**

Plaintiff filed this action on September 28, 2016. Complaint, Dkt. No. 1. On September 29, 2016, the Plaintiff filed requests for issuance of summonses for the Defendants 58 Asian Corp. and Li Shun Lin. Dkt. Nos. 3, 4. However, these summons requests misspelled the Plaintiff's name, *see* Dkt. Nos. 3, 4 (naming as the plaintiff "Lin Qing Yu"), and the Plaintiff was instructed to refile the requests, *see* Docket Entry of Sept. 30, 2016. Proper requests for issuance of summonses were filed on October 5, 2016. Dkt. Nos. 6, 7. On October 12, 2016, electronic summonses were issued for the Defendants, although the date on the summonses was listed as September 28, 2016. Dkt. Nos. 8, 9.

On October 17, 2016, the Plaintiff filed proof of service for Defendants 58 Asian Corp. and Li Shun Lin. Proof of Service, Dkt. No. 10. The first page of the document, dated September 30, 2016, states that the process server served a summons on "Jane Doe, who refused to give her true name, cashier, who is designated by law to accept service of process on behalf of

1

58 Asian Corp dba Amaze Fusion and Lounge on Sep 29, 2016 at 5:57 p.m." Proof of Service at 1. The document was signed by Alvin Gonzalez, who lists his occupation as "Process Server." Proof of Service at 1. The second page of the document states that Mr. Gonzalez served Defendant Li Shun Lin by leaving a summons "at the individual's place of business with Jane Doe who refused to give her true name, co-worker, a person of suitable age and discretion who resides there, on Sep 29, 2016 at 5:57 p.m., and mailed a copy to the individual's last known address." Proof of Service at 2. This page was also dated September 30, 2016 and signed by Alvin Gonzalez, Process Server. Proof of Service at 2.

On November 17, 2016, after both Defendants failed to appear or file a responsive pleading, Plaintiff requested an entry of default. Dkt. Nos. 11, 12. A certificate of default was entered on May 11, 2017. Dkt. No. 13. On June 14, 2017, the Plaintiff filed a motion for default judgment. Dkt. No. 20. On July 13, 2017, the Defendants filed a cross-motion to vacate the certificate of default. Dkt. No. 31.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk must enter the party's default." As with other types of orders, "[a] court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'" *Copelco Capital, Inc. v. Gen. Consul of Bol.*, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) (quoting 10 Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 2682 (2d ed. 1983)). A court has "no judicial discretion when considering a jurisdictional question such as the sufficiency of process," but "when confronted with equally reliable but conflicting accounts, courts should

resolve any doubts in favor of the party seeking relief." *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375-76 (S.D.N.Y. 1998) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *Commer v. McEntee*, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003) (quoting *Howard v. Klynveld*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)).

Under Rule 4, a corporation may be served in a judicial district of the United States either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. Proc. 4(h)(1)(B), or in a manner prescribed by state law, Fed. R. Civ. Proc. 4(h)(1)(A); *see also* Fed. R. Civ. Proc. 4(e)(1). Under New York state law, in turn, personal service upon a corporation may be made "by delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive such service" for that corporation. N.Y. C.P.L.R. 311(a)(1).

An individual may be served process in one of several ways. First, a copy of the summons and complaint can be personally given to the individual. Fed. R. Civ. Proc. 4(e)(2)(A). Second, a copy of the complaint and summons can be left at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. Proc. 4(e)(2)(B). Third, a copy of the complaint and summons can be delivered to an agent authorized to receive service of process. Fed. R. Civ. Proc. 4(e)(2)(C). Finally, an individual may be served in a manner prescribed by state law. Fed. R. Civ. Proc. 4(e)(1). New York state law authorizes an individual to be served in several ways, including "by delivering the summons

3

within the state to a person of suitable age and discretion at the actual place of business . . . and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y. C.P.L.R. 308(2).

III. Discussion

The Court concludes that the Plaintiff has failed to carry its burden of proving that the Defendants were properly served, and as a result, the Court will vacate the certificate of default previously issued in this case. There are two major reasons to doubt that service was properly effectuated in this case. First, according to the Proof of Service, a copy of the summons was served on the Defendants on September 29, 2016. Proof of Service at 1-2. However, a proper request for summons was not filed by the Plaintiff until October 5, 2016, and electronic summonses were not issued until October 12, 2016 – two weeks after service of process was supposedly effectuated. *See* Dkt. Nos. 8, 9. Indeed, both pages of the Proof of Service signed by Alvin Gonzalez bear the docket number 1-1, dated September 28, 2016, which corresponds to the Proof of Service page of a proposed summons attached to the Plaintiff's initial complaint, which was not signed by the Clerk of the Court because the summons bore the wrong Plaintiff name. *See* Proof of Service; *see also* Dkt. No. 1-1. The Plaintiff has provided no explanation for how he was able to acquire a summons signed by the Clerk of the Court before putting in a proper request on October 5 and before such summons was filed on the docket on October 12. The only reference to this issue in Plaintiff's briefing on this motion is the statement that "[d]ue to . . . filing errors and corrective technicalities on the ECF system, the summons was not filed by the Clerk until October 12, 2016." Pl. Memo. in Opp., Dkt. No. 36, at 2. This does not

explain through what alternative means the Plaintiff acquired a signed summons on September 29.

The second source of doubt regarding service of process is the unknown identity of the woman who allegedly received the summonses. The Proof of Service describes this woman only as "Jane Doe" and a "cashier." Proof of Service at 1. The Proof of Service provides no other details, such as a physical description, to help confirm the identity of the woman as an employee of 58 Asian Corp. and a coworker of Li Shun Lin. However, the President of 58 Asian Corp., Min Lin, has filed a sworn declaration stating that she was working as a cashier on September 29, 2016 and was not given a summons or complaint on that evening. Decl. of Min Lin, Dkt. No. 33, ¶ 10. She further attests that she asked all of her employees whether anyone had been handed a summons or complaint and that all of her employees stated that they had not. Decl. of Min Lin ¶¶ 14-15, 17.

Taken together, these two issues create serious doubt as to whether service of process properly occurred on September 29, 2016 as the Plaintiff alleges. At the very least, the Defendants have provided a believable "conflicting account[]" of service of process, and this Court is therefore obligated to resolve its doubts in favor of the Defendants. *Am. Inst. Of Certified Pub. Accountants*, 8 F. Supp. 2d at 375-76. As a result, the Court will grant the cross-motion to vacate default judgment and give the Defendants an opportunity to file a responsive pleading.

IV. **Conclusion**

The Defendants' motion to vacate default is granted. This resolves docket number 31. Defendants shall file a responsive pleading to the complaint within 14 days of the issuance of this Order.

SO ORDERED.

Dated: March 20, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge